# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

PACHALO C. CHIPETA,

*Plaintiff*,

vs.

JENNIFER TAGLIATTI, *et al.*,

*Defendants*.

3:13-cv-00303-RCJ-VPC

ORDER

This prisoner civil rights action comes before the Court for initial review.

Plaintiff failed to properly commence this action by submitting an application to proceed *in forma pauperis* on the required form. Under Local Rule LSR 1-1, a person seeking pauper status must file an application on the Court's required form. Plaintiff did not do so. Filing only a financial certificate and an inmate account statement does not satisfy the requirement that the plaintiff use the required pauper application form, with the required acknowledgments and declaration contained therein.

The Court will dismiss this improperly-commenced action without prejudice. It does not appear that a dismissal without prejudice will materially impact the analysis of any statute of limitations issue or other issues in a promptly filed and properly commenced new federal action or otherwise result in substantial prejudice.[1]

---

[1] Plaintiff's civil rights complaint necessarily challenges the validity of his 2008 state conviction for first degree murder with the use of a deadly weapon. He names as defendants the state court district judge who presided over his criminal trial, the district attorney, his public defenders, and the detectives who investigated

(continued...)

IT THEREFORE IS ORDERED that all pending motions are DENIED without prejudice and that this action shall be DISMISSED without prejudice to the filing of a new properly commenced action under a new docket number with either the required filing fee or a properly completed application to proceed *in forma pauperis*. The Clerk of Court shall SEND plaintiff two copies each of a pauper form for prisoner and a civil rights complaint form, along with the instructions for the forms and a copy of all papers that he submitted.

The Clerk shall enter final judgment accordingly, dismissing this action without prejudice.

DATED: July 9, 2013

_____
ROBERT C. JONES
Chief United States District Judge

---

[1](...continued)
the murder. He seeks, *inter alia*, "a complete/full discharge from prison" along with damages for each day that he has spent in prison. Plaintiff's claims thus would appear to be either: (a) barred under *Heck v. Humphrey*, 512 U.S. 477 (1994), as not cognizable unless and until his conviction is overturned via, *inter alia*, post-conviction or habeas relief, which by definition has not occurred; or (b) barred on their face by the applicable two-year statute of limitations to any *arguendo* extent that the claims otherwise would have been cognizable notwithstanding *Heck*. A dismissal without prejudice of the present improperly commenced action will not materially impact the analysis of such issues in a promptly filed and properly commenced new action.

The Court additionally notes that the one-year limitation period for bringing a federal habeas action has expired on its face, absent additional tolling or delayed accrual. The online docket records of the state courts reflect that plaintiff's state post-conviction proceedings concluded more than one year prior to the constructive filing date of the present action. Thus, even without considering any running of the limitation period prior to those proceedings, the federal limitation period has expired on its face, absent additional tolling or delayed accrual. The dismissal of this improperly commenced civil rights action without prejudice therefore will not have any material indirect impact with regard to the limitation analysis in any later habeas action.

Plaintiff at all times remains responsible for calculating the applicable limitations periods and properly and timely commencing an action for appropriate relief. The fact that the incarcerated plaintiff is not currently represented by counsel, in and of itself, does not excuse plaintiff from the requirements of properly and timely commencing an action for appropriate relief. Plaintiff previously was provided copies of the pauper form and instructions in January 2012 in No. 3:11-cv-0903-RCJ-WGC, when he failed to properly commence that civil rights action. Even if those copies *arguendo* have been lost or destroyed in the interim, replacement forms are available through the prison law library by sending an inmate request form, or "kite." Plaintiff, again, at all times remains responsible for calculating the limitations periods and properly and timely commencing an action for appropriate relief.